UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROMONDE HENRY                                          CIVIL ACTION

VERSUS                                                 NO. 12-1885-SS

WARDEN PITTMAN, ET AL.

ORDER AND REASONS

Plaintiff, Romond Henry, a state pretrial detainee, filed this federal civil rights complaint against "Warden Pittman" and Orleans Parish Sheriff Marlin Gusman. In the complaint, plaintiff stated his claim as follows:

> I have missed 3 courte dates because I was told by warden pittman that I could not atend courte from the mental health sucide tier because of a shortege in man power in workers but afther a conversation with Shriff marlynn Gussman and mental health doctor c. higgins I was told and showd in my paper worke that the statements made by ms. Pittman were not tru, and I could atend courte.[1]

The defendants have filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).[2] Plaintiff has opposed that motion.[3] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[4]

---

[1] Rec. Doc. 1, p. 5.

[2] Rec. Doc. 14.

[3] Rec. Doc. 16.

[4] Rec. Doc. 12.

"A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 209-10 (5th Cir. 2010). The United States Fifth Circuit Court of Appeals has explained:

> To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level. In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.

Id. at 210 (citations, quotation marks, and brackets omitted).

In their motion, the defendants first argue that plaintiff has failed to state a claim against Sheriff Gusman. That is correct for the following reasons.

Clearly, plaintiff has not stated a proper claim against Gusman in his individual capacity. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff does not allege that Gusman had any personal involvement whatsoever in the refusal to transport him for his court hearings; on the contrary, he alleges that Gusman told him he *should have been* provided with transportation. Further, Gusman may not be held liable pursuant to § 1983

2

under any theory of strict liability[5] or vicarious liability[6] for federal civil rights violations allegedly committed by his subordinates.

Plaintiff likewise has not stated a proper claim against Gusman in his official capacity. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Gusman would in reality be a claim against the local governmental body itself. Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010). However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

---

[5] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[6] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that the denial of transportation resulted from a policy or custom, much less identify such a policy or custom. Indeed, not only has plaintiff failed to allege that such a policy or custom existed, he has noted that Sheriff Gusman, the official policymaker of the Orleans Parish Sheriff's Office, told him that he should have been transported to the scheduled court hearings.

Defendants further argue that plaintiff's claim against Warden Pittman fails because there was no underlying constitutional violation. Defendants opine that plaintiff's claim concerning the denial of transportation to court hearings is a type of "access to the courts" claim. This Court agrees. See, e.g., Clark v. Langston, No. 5:10-CT-3029, 2012 WL 254853, at *2-3 (E.D.N.C. Jan. 27, 2012); Vitasek v. Maricopa County Sheriff's Office, No. CV 10-1777, 2012 WL 176313, at *5-6 (D. Ariz. Jan. 23, 2012).

"It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as a delay, may result in a constitutional deprivation." Chicerol

4

v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). That said, "an inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct." Id.; see also Vitasek, 2012 WL 176313, at *6.

In their motion, defendants correctly argue that plaintiff failed to allege in his complaint that he in fact suffered an "actual injury" as required to support a cognizable claim. In his opposition to the motion, plaintiff attempted to cure that defect. Specifically, he alleged that the failure to take him to three court appearances resulted in him being denied the opportunity to secure release on bond, to obtain a speedy trial, to gather evidence, and to secure witnesses for his defense.[7]

The records from plaintiff's criminal proceedings belie those allegations.[8] Although those records reflect that jail officials did in fact fail to transport plaintiff to court on several occasions, the records also show that his right of access to the courts was not violated as a result of that failure. As to his allegation concerning the setting of a bond, it is evident that any failure to transport him

---

[7] The United States Fifth Circuit Court of Appeals has held that in a case filed by a *pro se* plaintiff, the district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Therefore, a *pro se* litigant's supplemental filings that "embellish[] the original complaint's averments" should be considered when ruling on dispositive motions. Id. Accordingly, plaintiff's opposition is properly considered part of the complaint in this matter and will be considered in connection with the instant motion.

[8] Because plaintiff separately filed in this Court an application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, which was docketed as Civil Action No. 12-2083 and dismissed without prejudice on January 7, 2013, this Court has access to and takes judicial notice of the records from plaintiff's state criminal proceedings. "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985). Judicially noticed facts may be considered even when ruling on Rule 12 motions. See, e.g., Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011); Hebert Abstract Co. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990). As a matter of convenience, a copy of the docket master from those state court records is attached to this opinion.

to court did not adversely affect his ability to secure release on bond. On the contrary, bond was set in the case at $25,000; that bond simply has not been posted. As to the remaining allegations, the Court notes that plaintiff was appointed counsel and has been represented throughout the state criminal proceedings. A pretrial detainee's right of access to the courts in his state criminal proceedings is normally satisfied and adequately protected by the appointment of counsel. Tarter v. Hury, 646 F.2d 1010, 1014 (5th Cir. 1981); see also Webb v. Scott, No. 99-50803, 2000 WL 959918, at *1 (5th Cir. June 13, 2000); Ashcraft v. Cameron County, No. 97-41219, 1998 WL 611201, at *3 (5th Cir. Aug. 17, 1998); Ford v. Foti, No. 94-30614, 1995 WL 241811, at *3 (5th Cir. Apr. 14, 1995); Childs v. Scott, No. 94-60723, 1995 WL 153057 (5th Cir. Mar. 22, 1995); Webb v. Havins, No. 93-1452, 1994 WL 286151, at *3 (5th Cir. June 13, 1994); Crockett v. Carpenter, No. 93-1480, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994); Prather v. Anderson, No. Civ. A. H-05-2964, 2005 WL 2277528, at *2 (S.D. Tex. Aug. 31, 2005). If plaintiff's right to a speedy trial has been in any way infringed, if evidence needs to be gathered for trial, or if witnesses need to be located and subpoenaed, his counsel has the ability and obligation to act to ensure that plaintiff's rights and interests are being protected in the ongoing state criminal proceedings. There is no indication that counsel has failed in that regard or that plaintiff has in fact suffered any actual prejudice whatsoever in his state criminal proceedings as a result of defendants' actions.

Accordingly, defendants' motion for judgment on the pleadings is **GRANTED** and plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this sixth day of March, 2013.

_____
SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE